UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Thomas Sutliffe, et al.

    v.                        Civil No. 06-474-JL

Town of Epping, et al.


**PROCEDURAL ORDER**

    This court has issued an order granting, in large part, the defendants' motions to dismiss this action on the basis of res judicata and collateral estoppel. With the assent of the remaining defendants, the remaining plaintiffs have filed a motion to stay their sole claim that survived dismissal while they pursue an appeal of the court's decision on the motion to dismiss; the plaintiffs have already filed a notice of appeal to that end. The court's order granting the motions to dismiss in part, however, does not constitute a final decision from which an appeal lies under 28 U.S.C. § 1291. See, e.g., United States v. Metro. Dist. Comm'n, 847 F.2d 12, 14 (1st Cir. 1988) ("a judgment becomes final and appealable when the court enters a decision resolving the contested matter, leaving nothing to be done except execution of the judgment").

    In the interests of saving the parties the time and expense of pursuing an appeal in the absence of appellate jurisdiction,

then, the court will DENY the motion to stay (document no. 66) and STRIKE the notice of appeal (document no. 64). These actions are without prejudice to the plaintiffs' moving this court to enter separate and final judgment on the claims disposed of by the motions to dismiss. See Fed. R. Civ. P. 54(b). Any such motion shall specifically demonstrate that "there is no just reason for delay" in doing so with reference to the criteria endorsed by the court of appeals in Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 & n. 3-4 (1st Cir. 1988). Alternatively, the remaining plaintiffs may move for voluntary dismissal of their remaining claim. See Fed. R. Civ. P. 41(a).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

May 6, 2008

cc:  Charles G. Douglas, III, Esq.
     Benjamin T. King, Esq.
     Charles P. Bauer, Esq.
     Diane M. Gorrow, Esq.
     Daniel J. Mullen, Esq.